UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:10-CV-00079

**CONCHI SIERRA, ET AL.**                                                                 **PLAINTIFFS**

v.

**CRAIG WILLIAMSON, ET AL.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Morgan Stanley Trust National Association's ("Morgan Stanley Trust, N.A.") Motion for Guidance Regarding Payment of Its Attorneys' Fees During the Pendency of this Action (Docket #27) and Defendant Craig Williamson's Motion to Allow Payment of Attorney's Fees from Trust Corpus (Docket #34). Plaintiffs have responded (Docket #40). Defendants have replied (Docket #41, 43). This matter is now ripe for adjudication. For the following reasons, Defendants' motions are DENIED.

## BACKGROUND

Sara Loving Sutherland passed away on February 5, 2010, at the age of 89. This case involves a dispute over the revocable trust Mrs. Sutherland created in 1991 which was thereafter amended six times. Plaintiff Nan Loving Sierra is Mrs. Sutherland's daughter, and Plaintiff Conchi Sierra is Mrs. Sutherland's granddaughter. Defendant Craig Williamson is Mrs. Sutherland's nephew and co-trustee of the Sara Loving Sutherland Revocable Trust ("Revocable Trust"). Defendant Morgan Stanley Trust, N.A., is a corporate co-trustee of the Revocable Trust. According to Morgan Stanley Trust, N.A., the current value of the trust is approximately $1,941,760.00.

Mrs. Sutherland appointed Defendants as co-trustees on July 29, 2004. Defendant Craig Williamson was also appointed as Mrs. Sutherland's durable power of attorney on that date. At

that time, the Fourth Amendment to the Revocable Trust controlled, and the following beneficiaries were entitled to receive gifts upon Mrs. Sutherland's death: $100,000 specific bequest to Craig Williamson; $100,000 specific bequest to Robert Mejerus, Mrs. Sutherland's grandson; and $100,000 specific bequest to Claudio Sierra, Mrs. Sutherland's ex-son-in-law. The remainder of the trust was to go to Plaintiffs Nan and Conchi Sierra.

Mrs. Sutherland amended her trust for the fifth time on December 22, 2004. Under this amendment, George M. Williamson, Defendant Craig Williamson, Margaret Loving Williamson Cavitt, and Stuart Williamson (Mrs. Sutherland's nieces and nephews) were each to receive 15% of the Revocable Trust's assets, Robert Majerus was to receive $100,000, and the remainder was to go to Plaintiffs.

Finally, the Revocable Trust was amended for a sixth time on May 1, 2006. This is the final amendment and was in effect at the time of Mrs. Sutherland's death. Under the sixth amendment, the beneficiaries are as follows: $100,000 specific bequest to Robert Majerus; $200,000 specific bequest to Plaintiff Conchi Sierra; and the remainder of the trust to be divided equally among George M. Williamson, Defendant Craig Williamson, Margaret Loving Williamson Cavitt, and Stuart Williamson. Plaintiff Nan Sierra was omitted as a beneficiary.[1]

Plaintiffs assert that Mrs. Sutherland was diagnosed with Alzheimer's disease as early as

---

[1] The Revocable Trust specifically states in regard to Nan Sierra:

> During my lifetime, I have given generously to my daughter, Nan Loving Sutherland Sierra. Based upon those generous gifts and Nan's means to support from other sources, it is my decision, after considerable thought, that Nan Sierra should not share in the distribution of my Trust or from my estate.

Restated Revocable Living Trust dated May 1, 2006, DN 27-6, p. 8.

January of 2004. The parties disagree considerably regarding Mrs. Sutherland's mental and physical condition from 2004 to her death in 2010.

Plaintiffs filed their Complaint on May 11, 2010, in Daviess Circuit Court. The case was removed to this Court on June 16, 2010. The Complaint alleges that Defendants breached their fiduciary duty to notify all beneficiaries of the change of beneficiary designations pursuant to Kentucky Revised Statutes section 386.715. The Complaint also asserts claims of lack of capacity, undue influence, accounting for acts as attorney-in-fact, and fraud. Plaintiffs seek to have Mrs. Sutherland's final trust declared invalid and ask the Court to impose a constructive trust. This matter is set for trial on March 12, 2012.

On November 22, 2010, Morgan Stanley Trust, N.A., filed the present motion for guidance regarding payment of attorney's fees from the trust corpus. Soon thereafter, Defendant Craig Williamson filed his own motion on the same issue. The Court now considers these motions.

**DISCUSSION**

Defendants seek an Order from the Court directing that Defendants' attorney's fees may be paid from the corpus of the Revocable Trust during the pendency of this action. In support of its argument, Defendants cite to two provisions of Kentucky trust law. Under Kentucky Revised Statutes section 386.810, trustees have the power:

(x) To employ persons, including attorneys, auditors, investment advisors, or agents to advise or assist the trustee in the performance of his administrative duties; to act without independent investigation upon their recommendations; and instead of acting personally, to employ one (1) or more agents to perform any act of administration, whether or not discretionary;

(y) To prosecute or defend actions, claims, or proceedings for the protection

3

of trust assets and of the trustee in the performance of his duties . . . .

Ky. Rev. Stat. Ann. §§ 386.810(3)(x)-(y). In addition, Defendants note that the plain language of the Trust instrument itself grants trustees the power "[t]o pay all costs, taxes, expenses and charges incurred in the administration of the Trust, including reasonable compensation to it and its counsel and agents." Restated Revocable Living Trust dated May 1, 2006, DN 27-6, p. 13.

All parties to this action acknowledge that Kentucky case law provides little guidance on this issue. One case from this district addresses the issue now before the Court. In *Salmon v. Old National Bank*, beneficiaries of an inter vivos revocable trust filed suit against the trustee alleging breach of fiduciary duties. No. 4:08CV-116-M, 2010 WL 1463196, at *3 (W.D. Ky. Apr. 8, 2010). The settlor of the trust, Ruth Salmon, was a 98-year-old widow who required 24-hour nursing care. *Id.* The trustee had removed approximately $103,000 in attorney's fees from the trust to defend the breach of fiduciary duty lawsuit. *Id.* Because very few liquid assets remained in the trust and Ms. Salmon still required monetary support, the trustee was attempting to sell some of the principal of the trust. *Id.* The plaintiffs filed a motion for a preliminary injunction seeking to prevent the trustee from selling the real property which made up the principal of the trust. *Id.* Judge McKinley granted the plaintiffs' motion and ordered the trustee to return to the trust the amount taken for attorney's fees to defend the fiduciary duty lawsuit. *Id.* at 5-6.

Although acknowledging that a trustee has the power to employ attorneys to assist in trust administration, Judge McKinley pointed out that "a claim against a trustee for trust mismanagement raises questions of the trustee's *personal liability*." *Id.* at *2 (citing *Brigham v. Brigham*, 934 So. 2d 544, 547 (Fla. Dist. Ct. App. 2006) (emphasis in original)). "Therefore,

4

courts generally do not allow the trustee to charge attorney's fees against the trust estate before they have successfully defended those claims." *Id.* Citing a case from the Supreme Court of California, Judge McKinley noted that "'[t]he better practice may be for a trustee to seek reimbursement after any litigation with beneficiaries concludes, initially retaining separate counsel with personal funds.'" *Id.* (quoting *Wells Fargo Bank v. Superior Court*, 990 P.2d 591, 599 n. 4 (Cal. 2000)).

Defendants argue that this case is factually distinguishable from *Salmon* and cite to several cases from other states which have upheld a trustee's right to attorney's fees in defending a claim for breach of fiduciary duty. *See, e.g.*, *Weidlich v. Comley*, 267 F.2d 133, 134 (2d Cir. 1959); *Doyle v. Turner*, 90 F. Supp. 2d 311, 334 (S.D.N.Y. 2000); *In re Temple Marital Trust*, 748 N.W.2d 265, 272-73 (Mich. Ct. App. 2008); *In re Gerber's Trust*, 323 N.W.2d 567, 573 (Mich. Ct. App. 1982). The Court has reviewed these cases and notes that none of these cases actually stand for the proposition that attorney's fees should be paid from the trust corpus *during the pendency of the action*. Instead, many of these cases note that a trustee is entitled to attorney's fees "incurred in *successfully* defending himself against claims that he breached his fiduciary duties as a trustee." *Doyle*, 90 F. Supp. 2d at 334 (emphasis added). The Court does not disagree with this holding. Rather, the issue is whether a trustee is entitled to remove funds from the corpus while litigation is pending or if the trustee instead holds a "lien for reimbursement" against the trust. *See Jessup v. Smith*, 223 N.Y. 203, 207, 119 N.E. 403 (1918) (noting that if a trustee cannot pay for fees himself, he may create a contractual lien on behalf of others, i.e., his attorneys).

In an unpublished Kentucky Court of Appeals decision, the court held that attorney's fees

5

were properly paid from the corpus of a revocable trust to an Advisory Committee being sued for violating its fiduciary duties. *See Estate of Gaines v. Nat'l City Bank of Ky.*, Nos. 2004-CA-001545-MR & 2004-CA-001610-MR, 2006 WL 25017074, at *1, 7 (Ky. Ct. App. Sept. 1, 2006). The Advisory Committee was created by the trust agreement and its members operated as "quasi-trustees." *See id.* at *1-3. In addressing the issue of attorney's fees, the court cited a portion of the trust agreement authorizing the payment of attorney's fees, which stated:

> If any advisor is at any time involved, either individually or as an advisor, in any action, claim or legal proceeding concerning any trust estate, by reason of being an advisory hereunder, that advisor shall be entitled to employ an attorney to represent him in such matter, and the attorney fees shall be paid from the corpus of the trust.

*Id.* at *7. The beneficiaries argued that attorney's fees should only come from the corpus of the trust if the Advisory Committee's actions were taken in good faith. *Id.* The Court of Appeals, quoting the lower court, held that "'[u]ntil such time as a determination of the issue of the Advisory Committee's alleged breach of their fiduciary duties, their attorney's fees are properly payable from the corpus-the principal-of the trust.'" *Id.* Although this unpublished decision is not binding on this Court, it lends some support to Defendants' position. The Court notes, however, that the clause authorizing the payment of attorney's fees in *Estate of Gaines* is much broader than the clause contained in this case, which limits payment to "charges incurred in the administration of the Trust." Restated Revocable Living Trust dated May 1, 2006, DN 27-6, p. 13.

Plaintiffs argue that because Defendants have not yet successfully defended the present lawsuit, they are not entitled to a pre-judgment award of attorney's fees. The Court agrees. Successfully defending a suit for breach of fiduciary duty has been considered part of the

administration of a trust by various courts. *See, e.g.*, *Weidlich*, 267 F.2d at 134 ("When the trustee's administration of the assets is unjustifiedly assailed it is a part of his duty to defend himself, for in so doing he is realizing the settlor's purpose."). As noted by the Eleventh Circuit, however, whether a trustee is entitled to attorney's fees from the trust corpus is not a matter of right, but is warranted where "the trustees were not at fault in the litigation and the amount of attorney expenses was reasonable." *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 485 (11th Cir. 1990). At this time, the Court cannot determine whether Defendants will be successful in defending this action. Nor is the Court in a position to determine whether Defendants' litigation expenses are reasonable. Therefore, the Court believes that the proper procedure is to allow Defendants to seek reimbursement from the Trust after the conclusion of this case, assuming Defendants are successful and their expenses reasonable.

As a final matter, Defendants argue that not allowing a trustee to pay attorney's fees from the trust corpus would discourage or prevent otherwise qualified persons or entities from undertaking such a role. Judge McKinley briefly addressed this argument in *Salmon*. Noting that there is a disincentive for beneficiaries to file suit against trustees because all litigation expenses may be paid out of the trust property, Judge McKinley held that "the need to protect beneficiaries from self-interested trustees outweighs the innocent trustee's need for immediate payment of its attorney's fees." *Salmon*, 2010 WL 1463196 at *4. In addition, because the parties have agreed that no distributions from the Trust shall be made to beneficiaries during the pendency of this action, there is no concern that sufficient funds will not be available should the Court decide to award attorney's fees from the Trust at a later time.

In sum, the Court's ruling today does not preclude the trustees in this case from

7

recovering attorney's fees at a later time, should they prevail on the merits of this case. At the conclusion of this action, the Court will again consider the issue of attorney's fees and award fees accordingly.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Morgan Stanley Trust's motion (DN 27) is DENIED, and Defendant Craig Williamson's motion (DN 34) is DENIED.

Plaintiffs' Motion for Permission to File Supplemental Response, or in the Alternative, for the Court to Schedule an Oral Argument (DN 52) is DENIED as moot.