UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:10-CV-00079-TBR

CONCHI SIERRA                                                                                               Plaintiff

v.

CRAIG WILLIAMSON, *et al.*                                                                       Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Morgan Stanley Private National Association (Morgan Stanley) and Defendant Craig Williamson's respective motions to exclude Plaintiff Conchi Sierra's expert witness Shirishkumar Patel, M.D. (Docket Nos. 159 & 169, respectively.) In their respective motions, Morgan Stanley and Williamson (collectively "Defendants") argue that Dr. Patel should be excluded from testifying as an expert witness on grounds that Plaintiff failed to timely disclose Dr. Patel as such. Plaintiff has collectively responded to both, (Docket No. 180), and Morgan Stanley and Williamson have each replied, (Docket Nos. 203 & 200, respectively). This matter is now ripe for adjudication.

BACKGROUND

Dr. Patel was the physician at Wellington Parc who examined Mrs. Sutherland when she was admitted in 2005 and who made a determination regarding her capacity to make certain decisions about her care. Dr. Patel continued to monitor Mrs. Sutherland through mid-2007. In his initial Fed. R. Civ. P. 26 disclosures on August 4, 2010, Defendant Williamson identified Dr. Patel as follows:

> Sharish N. Patel, M.D., 2200 East Parrish Avenue, Owensboro, KY. Dr. Patel is a physician who treated Sara Loving Sutherland. Dr. Patel would likely have information concerning his observations and treatment of Sara Loving Sutherland.

(Docket No. 180-5, at 6.)

By agreed order entered May 11, 2012, Plaintiff was required to identify her experts in compliance with Rule 26(a)(2) no later than May 21, 2012. (Docket No. 87.) A subsequent agreed order entered June 11, 2012, required Defendants to identify their experts no later than July 21, 2012, and required that all additional rebuttal experts be identified no later than August 20, 2012. (Docket No. 89.) Defendants complied with their July 21 deadline, and Plaintiff complied with the August 20 rebuttal-expert deadline; however, Plaintiff did not identify Dr. Patel as an expert witness prior to either the May 21 deadline or the August 20 rebuttal-expert deadline. Then on March 7, 2013, Plaintiff sent the other parties an amendment to her Rule 26(a)(2) disclosures, adding Dr. Patel as an expert witness that Plaintiff intends to call at trial. (Docket No. 159-3.)

Defendants now argue that Dr. Patel should be excluded as an untimely disclosed expert. Defendants insist that they would suffer prejudice if Dr. Patel is allowed to give his opinions in this matter because discovery is now closed, because Defendants have had no opportunity to depose Dr. Patel, and because Defendants have had no opportunity to retain an expert to rebut Dr. Patel's testimony. Plaintiff responds, seemingly arguing that she could not confer with Dr. Patel until Defendant Williamson was removed as executor of Mrs. Sutherland's estate in late 2012 and could not arrange a consultation until February 2013, several months later. Plaintiff reasons that because Williamson identified Dr. Patel as a potential fact witness, Dr. Patel was clearly known to Defendants such that

there was no surprise by Plaintiff's March 7 amended disclosure. Plaintiff further reasons that Defendants had some three weeks after that amended disclosure during which to notice Dr. Patel's deposition before the deadline for discovery on April 1, 2013, yet chose not to do so. As such, Plaintiff maintains that exclusion is not warranted.

## DISCUSSION

The Federal Rules of Civil Procedure require that parties disclose the identities of any expert witnesses that they intend to use at trial to present evidence. Fed. R. Civ. P. 26(a)(2)(A). When such expert witnesses do not provide a written report, the disclosure must state the subject matter, facts, and opinions to which the expert witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). In the event a party fails to make these required disclosures, Rule 37(c)(1) provides for sanctions, stating:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The Sixth Circuit has characterized Rule 37(c)(1) as requiring "absolute compliance" with Rule 26, with the sanction of exclusion being "automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741–42 (7th Cir. 1998)). "Harmlessness . . . is the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). The Rule 37 advisory committee note "strongly suggests that 'harmlessness' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* (citing *Vance v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir.

June 25, 1999) (unpublished table decision)). The party seeking to avoid sanction under Rule 37 bears the burden of showing that its delay and omission was either substantially justifiable or harmless. *Roberts*, 325 F.3d at 782 (6th Cir.2003).

Undoubtedly, Plaintiff has failed to comply with the requirements of Rule 26, as she failed to identify Dr. Patel as an expert witness until some nine-and-a-half months after the Court-ordered deadline to identify her experts. The issue thus becomes whether Plaintiff's failure was substantially justified or harmless. On the one hand, Plaintiff's explanations for the delay are not particularly compelling. In fact, the Court sees no good reason why Plaintiff could not have disclosed Dr. Patel as an expert witness in this matter well before the applicable deadline. On the other hand, Defendants certainly had knowledge of Dr. Patel, given that it was Defendant Williamson who first disclosed Dr. Patel as a potential witness back in August 2010. In regard to this "knowledge" component, as one of this Court's sister district courts succinctly put it:

> The Sixth Circuit has intimated that the . . . requirement of knowledge is further broken down into two parts: that opposing counsel knows "who [is] going to testify and to what they [are] going to testify." *Galen of Va., Inc.*, 325 F.3d at 783. If opposing counsel knows these two matters, the situation is "atypical of cases where sanctions have been justified under Rule 37(c)(1)." *Id.*

*Dennis v. Sherman*, 2010 WL 1957236, at *2 (W.D. Tenn. May 12, 2010) (alterations in original). Here, Defendants certainly Dr. Patel was a potential witness and knew the gist of what he would testify. Furthermore, Defendants took no steps to mitigate any perceived harm that could result from Plaintiff's eleventh-hour disclosure. In fact, Plaintiff's untimely disclosure was not brought to the Court's attention until the filing of Defendants' instant motions on April 26, nearly seven weeks after that disclosure was

made on March 7. And, moreover, Plaintiff has provided copies of correspondence between Plaintiff's counsel and counsel for Defendant Morgan Stanley evincing defense counsel's decision not to depose Dr. Patel until the Court had ruled on the motions now before it.[1]

With these considerations in mind, the Court is of the opinion that although Plaintiff failed to timely disclose Dr. Patel in accordance with Rule 26, Plaintiff has made a sufficient showing that her failure was, in effect, more or less harmless and with some justification. As such, the Court finds that an all-or-nothing outcome is not warranted here—that is, the interests of justice are not served either by excluding Dr. Patel outright as Defendants now seek, nor are those interests served by allowing Dr. Patel to render expert testimony absent Defendants having some opportunity to depose him and, if necessary, secure their own expert to rebut his testimony. Therefore, the Court will not exclude Dr. Patel's testimony but will allow Defendants the opportunity to depose him if they wish. If necessary, the Court is prepared to subpoena Dr. Patel to command his attendance to be deposed. The Court will also permit Defendants to secure a rebuttal expert if one is needed. However, the Court is not inclined to alter the existing schedule in this case by continuing the trial until a later date. The Court recognizes and understands that its ruling places the parties under shorter deadlines than otherwise would be ideal; however, the parties could (and should) have streamlined the resolution of this relatively simple issue during the preceding months, yet they did not.

---

[1] The relevant portion of that correspondence states: "Due to the pendency of the motions to disqualify Dr. Patel, I have decided not to notice his deposition. In the event the Court overrules our motion, but provides us leave to depose him, we will do so then." (Docket No. 180-11, at 2.)

CONCLUSION

Therefore, having considered the parties' respective positions and being otherwise sufficiently advised, consistent with the foregoing discussion;

IT IS HEREBY ORDERED as follows:

(1) Defendant Morgan Stanley's "Motion to Exclude Plaintiff's Purported Expert, Dr. Shirishkumar Patel," (Docket No. 159), is DENIED;

(2) Defendant Craig Williamson's "Motion to Exclude Expert Testimony of Shirishkumar N. Patel, M.D.," (Docket No. 169), is DENIED;

(3) Defendants are granted leave to Depose Dr. Patel, if they wish, and shall be are allowed <u>14 days from entry of this Order</u> in which to do so;

(4) Defendants shall identify any expert witness they intend to call in rebuttal <u>no later than 7 days after Dr. Patel is deposed or the expiration of the time allowed to depose Dr. Patel, whichever is later</u>, and shall arrange for any such rebuttal expert to be deposed, if necessary.

IT IS SO ORDERED.

Date:

cc: Counsel